Argued and submitted January 15, ballot title referred to the Attorney General for modification March 7, 2002

Modified ballot title certified March 22, 2002 (333 Or 569, 43 P3d 1093)

Kris KAIN
and Tricia Bosak,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S49111)

42 P3d 887

Margaret S. Olney, of Smith, Gamson, Diamond & Olney, Portland, argued the cause and filed the petition for petitioners.

Erika Hadlock, Assistant Attorney General, Salem, argued the cause for respondent. Douglas F. Zier, Assistant Attorney General, Salem, filed the answering memorandum. With him on the answering memorandum were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

GILLETTE, J.

**GILLETTE, J.**

In this ballot title review proceeding, petitioners challenge all aspects of the Attorney General's certified ballot title for a proposed initiative measure, which the Secretary of State has denominated as Initiative Petition 137 (2002). We review the Attorney General's certified ballot title to determine whether it substantially complies with the requirements of ORS 250.035(2). *See* ORS 250.085(5) (setting out standard of review).

The proposed measure would bar all courts from invalidating, enjoining, or otherwise preventing implementation of voter-approved ballot measures. The proscription would apply even if the voter-approved measures were enacted in violation of certain constitutional and other requirements, to which the proposed measure refers as "technical" grounds. The proposed measure also would reinstate any measures invalidated on such grounds in the two years preceding the date of the election at which the proposed measure appears on the ballot.

Petitioners' challenges have a single theme, and the challenge to the caption is representative. The caption of the Attorney General's certified ballot title to the proposed measure states:

> "AMENDS CONSTITUTION: PROHIBITS COURTS
> FROM INVALIDATING VOTER-APPROVED
> BALLOT MEASURES BASED ON SPECIFIED
> CONSTITUTIONAL DEFICIENCIES;
> APPLIES RETROACTIVELY"

Petitioners attack the phrase, "based on specified constitutional deficiencies," on the ground that it is under-inclusive and, therefore, inaccurate. Petitioners' point is well taken. As we have noted, the proposed measure includes, within its list of "technical" grounds on which courts will not be able to invalidate voter-approved ballot measures, a group of sub-constitutional grounds. Those grounds include inaccuracies in ballot titles or explanatory statements, and any "errors or omissions" by elections officers. The caption and all other

parts of the ballot title should reflect that fact. None does. The matter must be referred to the Attorney General to correct those defects. ORS 250.085(8).

Ballot title referred to the Attorney General for modification.