On modified ballot title filed March 14,* modified ballot title certified
March 22, 2002

Kris KAIN
and Tricia Bosak,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S49111)

43 P3d 1093

No appearance by petitioners.

Douglas F. Zier, Assistant Attorney General, Salem, filed the filing of modified ballot title for respondent. With him on the filing were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

---

* 333 Or 464, 42 P3d 887 (2002) (referring ballot title for modification).

The court in this ballot title review proceeding determined that the Attorney General's certified ballot title for a proposed initiative measure, which the Secretary of State denominated as Initiative Petition 137 (2002), failed to comply substantially with statutory standards. *Kain v. Myers*, 333 Or 464, 42 P3d 887 (2002). Under ORS 250.085(8), the court referred the ballot title to the Attorney General for modification. The Attorney General has filed a modified ballot title for the proposed initiative measure, and no party to the ballot title review proceeding has objected. *See* ORS 250.085(9) (setting out period within which party may object to modified ballot title and requiring court to certify modified ballot title if no objection filed).

The modified ballot title for Initiative Petition 137 (2002) states:

"AMENDS CONSTITUTION: PROHIBITS COURTS FROM INVALIDATING VOTER-APPROVED BALLOT MEASURES BASED ON CONSTITUTIONAL, OTHER DEFICIENCIES; APPLIES RETROACTIVELY

"RESULT OF 'YES' VOTE: 'Yes' vote prohibits the courts from invalidating voter-approved ballot measures based on constitutional, other deficiencies; retroactively validates measures recently invalidated for constitutional, other deficiencies.

"RESULT OF 'NO' VOTE: 'No' vote retains courts' authority to invalidate voter-approved ballot measures on the basis that the measures fail to comply with existing constitutional, other requirements.

"SUMMARY: Amends constitution. Currently, courts may invalidate voter-approved ballot measures that fail to meet existing constitutional requirements that separate amendments be voted on separately, fail to relate to single subject, or fail to contain measure's full text; nonconstitutional challenges that ballot title, explanatory statement fail to accurately, completely describe measure must be raised before election. Measure prohibits courts from invalidating or preventing implementation of voter-approved ballot measures based on court's finding that measure constitutes constitutional revision, violates single subject, single amendment, separate vote, or full text requirements; or based on finding of nonconstitutional deficiencies,

including incomplete, inaccurate, inadequate description in ballot title or explanatory statement, or finding of elections officers' violations. Measure validates measures invalidated on those grounds during previous two years. Other provisions."

The modified ballot title is certified. The appellate judgment shall issue in accordance with ORS 250.085(9).